UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TROY LEBEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    C.A. No.  1:17-cv-00329 |
| | ) |
| U.S. BANK N.A. AS TRUSTEE FOR | ) |
| CITIGROUP MORTGAGE LOAN | ) |
| TRUST INC. 2006-NC2 ASSET | ) |
| BACKED PASS THROUGH | ) |
| CERTIFICATES SERIES 2006-NC2 and | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants U.S. Bank N.A. as Trustee for Citigroup Mortgage Loan Trust Inc. 2006-NC2 Asset Backed Pass Through Certificates Series 2006-NC2 ("U.S. Bank, as Trustee") and Wells Fargo Bank, N.A. ("Wells Fargo" and collectively with U.S. Bank, as Trustee "Defendants"), submit this memorandum in support of their motion to dismiss the complaint (the "Complaint" or "Compl.") filed by Plaintiff Troy LeBeau ("Plaintiff") under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

INTRODUCTION

Plaintiff seeks to halt a lawful foreclosure on the exact same basis that the Providence Superior Court (the "State Court") already rejected and issued judgment on in a prior action, Case No. PC-2011-4088 (the "State Court Case"). Where Plaintiff's claims in this case are based upon the same issue adjudicated in the State Court Case (compliance with the notice provisions in his mortgage), res judicata bars his current claims as well as any claims that could

have been asserted in the State Court Case. In addition, judicial estoppel also bars Plaintiff's claims because Plaintiff elected to surrender the property in his Chapter 7 bankruptcy case for which he received a discharge of his debts. Even if Plaintiff's claims were not barred by res judicata and judicial estoppel, the plain language of Plaintiff's mortgage demonstrates that Plaintiff fails to state a plausible claim for relief.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff owns 36 Black Plain Road, North Smithfield, Rhode Island (the "Property"). See Compl., ¶ 1. On July 17, 2006, Plaintiff executed a note (the "Note") and obtained a loan from New Century Mortgage Corporation ("New Century") in the principal amount of $300,000.00 (the "Loan"). See Compl., ¶ 2; Affidavit of Andrea Kruse in Support of State Court Summary Judgment Motion, ¶ 3, attached hereto as Exhibit 1.[2] To secure the Loan, Plaintiff granted a mortgage (the "Mortgage") on the Property in favor of New Century. See Compl., ¶ 2; Mortgage, a copy of which is attached hereto as Exhibit 1-A. The Mortgage specifies that any notice to Plaintiff in connection with the Mortgage, "shall be deemed to have been given to [Plaintiff] when mailed by first class mail . . . " See Ex. 1-A, ¶ 15. The Mortgage also specifies that before the lender can accelerate the debt on the Loan, it must give notice to Plaintiff of his right to cure any default on the Loan. See Ex. 1-A, ¶ 22; Compl., ¶¶ 11-12.

On February 25, 2009, Wells Fargo, as attorney-in-fact for New Century, assigned the Mortgage (the "Assignment") to U.S. Bank, as Trustee, using the name U.S. Bank National Association, as Trustee for Asset-Backed Pass-Through Certificates, Series 2006-NC2. See

---

[1] For purposes of this motion only Defendants accept as true the factual allegations of the Complaint. Defendants, however, reserve their right to challenge those allegations at a later date.

[2] The Court may consider matters of public record, including documents from prior adjudications in resolving a Rule 12(b)(6) motion to dismiss. See Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008) (citing In re Colonial Mortgage, 324 F.3d 12, 15–16 (1st Cir. 2003); Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir.2000)).

Assignment, attached hereto as Exhibit 1-C.  Although the Assignment omitted the complete name of the trust, it correctly identified, U.S. Bank, as Trustee, which has been the mortgagee, at all relevant times, and the correct trust series.  Plaintiff defaulted on the Loan by failing to make monthly payments.  See Ex. 1-C, ¶ 10.  As servicer for U.S. Bank, as Trustee, Wells Fargo sent notice of right to cure correspondence dated July 18, 2010 (the "Notice of Right to Cure") to Plaintiff advising that the Loan was in default and providing the notice required by Paragraph 22 of the Mortgage.  See Ex. 1, ¶ 3; Supplemental Affidavit of Alissa Doepp in Support of State Court Summary Judgment Motion, ¶ 6, a copy of which is attached hereto as Exhibit 2; Notice of Right to Cure, a copy of which is attached hereto as Exhibit 2-1.  After Plaintiff failed to cure the default, a duly noticed foreclosure sale was held in the name of the original mortgagee assignee on July 15, 2011.  See Ex. 1, ¶ 10-11.  Due to the incomplete (but accurate) trust name, the sale was rescinded (the "Rescinded Foreclosure"), and on July 21, 2016, Wells Fargo, as attorney-in-fact for New Century, executed a corrective assignment of the Mortgage (the "Corrective Assignment") to U.S. Bank, as Trustee.  See Compl., ¶ 5; Corrective Assignment, a copy of which is attached hereto as Exhibit 3.  The Corrective Assignment specifies that it amends the original Assignment, to completely identify the trust for which U.S. Bank, has always been Trustee.  See Ex. 3.

*Plaintiff's Bankruptcy*

After defaulting on the Loan, Plaintiff filed a voluntary Chapter 7 bankruptcy petition, No. 1:09-bk-12175 (the "Bankruptcy Case") in the U.S. Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court").  A copy of the docket for the Bankruptcy Case is attached hereto as Exhibit 4.  In his Chapter 7 petition (the "Bankruptcy Petition"), Plaintiff listed Wells Fargo d/b/a America's Servicing Company as a creditor and the Mortgage on the

Property as property of the estate subject to secured claims.  See Bankruptcy Petition, at 20, a copy of which is attached hereto as Exhibit 5.  Plaintiff listed the Property as having a value of $300,000.00 with a secured mortgage claim of $372,143.00.  See Ex. 5, at 15.  Plaintiff elected to "surrender" the Property under the Debtor's Statement of Intentions.[3]  See Ex. 5, at 47.  In reliance on these representations, the Bankruptcy Court issued a Chapter 7 discharge to Plaintiff on September 1, 2009 and closed the Bankruptcy Case on September 14, 2009.  See Ex. 4.

*Plaintiff's State Court Action*

On July 19, 2011, Plaintiff filed the State Court Case seeking declaratory judgment and injunctive relief challenging the Rescinded Foreclosure.  A copy of the docket for the State Court Case is attached hereto as Exhibit 6.  Among other things, Plaintiff challenged Wells Fargo's compliance with Paragraph 22 of the Mortgage.  See Decision and Order dated July 22, 2015 (the "Order"), a copy of which is attached hereto as Exhibit 7.  After moving for summary judgment, the State Court awarded judgment to Wells Fargo and U.S. Bank, as Trustee on all claims.  See Ex. 7 and State Court Judgment, attached hereto as Exhibit 8.  The State Court found:

> Finally, the Plaintiff contends that Defendants have not complied with the notice requirements as set forth in the mortgage contract.  The undisputed facts, as established by the uncontradicted affidavits of Brian M. Kiser and Andrea Kruse demonstrate that the plaintiff borrower in fact received the notice called for in the mortgage. After reviewing the memoranda and attached authenticated exhibits, and the responses thereto, this Court finds no genuine dispute of material fact.  Defendants, Wells Fargo Bank, N.A. (Wells Fargo) and U.S. Bank, NA, as Trustee for Asset-Backed Pass-Through Certificates, Series 2006-NC2, are entitled to judgment as a matter of law.

---

[3] This representation is also consistent with Plaintiff not objecting to Wells Fargo's motion for relief from stay to foreclose.  See Ex. 4.

Ex. 7, at 4.

*Plaintiff's Present Action*

In order to frustrate Defendants' renewed foreclosure, Plaintiff filed the present action. He asserts three causes of action all based upon alleged noncompliance with the notice provisions in the Mortgage – the same claim he already litigated and lost in the state court. The three claims are breach of contract (Count I), breach of violation of the covenant of good faith and dealing (Count II), and injunctive relief (Count III). Each of these claims fails as a matter of law.

ARGUMENT & AUTHORITY

## I.    RULE 12(b)(6) STANDARD.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The United States Supreme Court clarified and, seemingly heightened, the Rule 8 pleading requirements when it expressly rejected the oft-cited "no set of facts" language of <u>Conley v. Gibson</u>, 355 U.S. 41 (1957). <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007). "The [no set of facts] phrase is best forgotten as an incomplete negative gloss on an accepted pleading standard. Now, in order to survive a motion to dismiss, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. at 1955. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id</u>. at 1955 (internal citations omitted).

## II.     RES JUDICATA BARS PLAINTIFF'S CLAIMS.

Under federal law, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered." Torromeo v. Town Of Fremont, NH, 438 F.3d 113, 115–16 (1st Cir. 2006) (quoting Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984)).   Under Rhode Island law, res judicata renders a prior judgment in an "action between the same parties conclusive as to any issues actually litigated in the prior action, or that could have been presented and litigated therein." Regus v. Citibank (S.D.), N.A., No. CA 10-76 ML, 2010 WL 2803952, at *3 (D.R.I. June 22, 2010), report and recommendation adopted sub nom. Regus v. Citibank (S. Dakota), N.A., No. CA 10-076 ML, 2010 WL 2817252 (D.R.I. July 15, 2010) (quoting DiBattista v. State, 808 A.2d 1081, 1085–86 (D.R.I. 2002).   Res judicata serves as a bar to litigation "(1) of the same cause of action (2) between the same parties or their privies (3) after final judgment has been rendered on the merits in the first suit." Keating v. State of R.I., 785 F. Supp. 1094, 1098 (D.R.I. 1992) (citing Griffin v. Rhode Island, 760 F.2d 359, 360 (1st Cir.), cert. denied, 474 U.S. 845, 106 S. Ct. 134 (1985); Providence Teachers Union v. McGovern, 113 R.I. 169, 172, 319 A.2d 358, 361 (1974)).   This bar also applies to matters that could have been raised even if they were not actually raised. McGovern, 113 R.I. 169 at 172 (citing Migra, 465 U.S. at 83-85).

Here, Plaintiff's claims are all barred because they are based on the same alleged noncompliance with Paragraph 22 of the Mortgage that was already litigated and resolved in the Defendants favor in the State Court.   Further, any claim that could have been brought in the State Court Case is barred from being asserted now.

### A.    Same Cause Of Action.

First, Plaintiff's Complaint is based upon the same issue that the State Court expressly resolved in the Order - whether Wells Fargo complied with notice requirements set forth in the Mortgage (specifically those in Paragraph 22).  See Ex. 7, at 4; Compl., ¶¶ 10, 27, 33, 40.  In the State Court Case, Plaintiff specifically challenged Wells Fargo's compliance with Paragraph 22 in an effort to invalidate the Rescinded Foreclosure.  See Ex. 7, ¶ 4.  He asserts the same claim here for injunctive relief and a repackaged declaratory judgment claim now in a contractual form (breach of contract and breach of the implied covenant of good faith and fair dealing), all based on alleged noncompliance with Paragraph 22.  See Compl., ¶¶ 10, 27, 33, 40.  Plaintiff can label his claim whatever he wants, but he cannot change that all three of Plaintiff's claims rely upon the same already decided issue of compliance with the Mortgage's notice requirements.  The issue is the same in both cases.

### B.    Same Parties Or Their Privies.

Both cases involve the same parties.  Plaintiff was the same in both cases.  Wells Fargo was a defendant in both cases in its capacity as Loan servicer.  U.S. Bank, as Trustee was also a defendant in both cases.  U.S. Bank, as Trustee has been the mortgagee and sole entity at all relevant times, despite being referenced incompletely in the original assignment.  The Corrective Assignment and subsequent foreclosure does not change anything as U.S. Bank, as Trustee remained the trustee of the trust.  Indeed, the Affidavit of Andrea Kruse in Support of the State Court Summary Judgment Motion explicitly references the full trust name, "Wells Fargo is the servicer for US Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. 2006-NC2, Asset-Backed Pass-Through Certificates, Series 2006-NC2 [ ]."   Ex. 1, ¶ 3.  Accordingly, Plaintiff, Wells Fargo, and U.S. Bank, as Trustee were all parties to both the State Court Case and this case.

### C.      *Final Judgment Rendered On The Merits In The First Suit.*

Lastly, in order for res judicata to bar a subsequent action, the prior action must have been resolved by a final judgment on the merits.  That is the case here.  In the State Court Case, Wells Fargo and U.S. Bank, as Trustee moved for summary judgment.  See Ex. 6.  After Plaintiff opposed the motion and the parties submitted supplemental material, the State Court issued the Order finding for Wells Fargo and U.S. Bank, as Trustee on all counts, including Plaintiff's Paragraph 22 challenge.  See Ex. 7.  The State Court entered final judgment thereafter.  See Ex. 8.  Accordingly, the third part of the analysis is satisfied.

### D.      *Res Judicata Applies Here To Issues Previously Litigated As Well As Claims That Could Have Been Brought In The State Court Action.*

Having established all three parts of the Rhode Island res judicata test, Plaintiff's present claims, all of which are based upon compliance with Paragraph 22, are barred.  Whether labeled as declaratory judgment, contract claims, or anything else, they all arise out of the same nucleus of operative fact – the paragraph 22 notice.  The impacts of the final judgment do not end there.  The judgment also bars any claims arising from the Loan, the Mortgage, or the Property that could have been raised in the State Court Case, including any challenge to the Assignment.[4]  Accordingly, res judicata bars all of Plaintiff's claims.  The Complaint should be dismissed.

## III.      JUDICIAL ESTOPPEL BARS PLAINTIFF'S CLAIMS.

In addition to res judicata, judicial estoppel also precludes Plaintiff's claims.  By agreeing to surrender the Property in the Bankruptcy Case, Plaintiff should be judicially estopped from now challenging the pending foreclosure.  "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his

---

[4] Beyond res judicata considerations, Plaintiff lacks standing to challenge the Assignment and Corrective Assignment based upon the trust name, as such a challenge would render either assignment "merely voidable at the election of one party, but otherwise effective to pass legal title."  Mruk v. Mortg. Elec. Registration Sys., Inc., 82 A.3d 527, 536 (R.I. 2013) (quoting Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 291 (1st Cir.2013)).

interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citation omitted); see Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 32-33 (1st Cir. 2004) ("[T]he doctrine of judicial estoppel prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding."). Plaintiff affirmatively represented to the Bankruptcy Court that he would surrender the Property in exchange for a discharge of his debts. This representation to surrender should bar his current challenge to the pending foreclosure.

Plaintiff clearly and unambiguously stated that he "surrendered" the Property in his bankruptcy filings. See Ex. 5, at 47. By choosing to surrender the Property, Plaintiff "agree[d] to make the collateral available to the secured creditor-viz., to cede his possessory rights in the collateral . . . " In re Canning, 706 F.3d 64, 69 (1st Cir. 2013) (internal citation and quotation omitted). Plaintiff's election to surrender does not compel the creditor to take any action to release its lien. See e.g., In re Cormier, 434 B.R. 222, 232 (Bankr. D. Mass. 2010) ("[A] creditor can treat surrendered property according to its discretion, as long as it acts consistent with its security agreement and non-bankruptcy law."). Instead, the creditor is free to exercise its state law rights in enforcing its in rem rights in the collateral. See In re Canning, 706 F.3d at 71-72. This is true, even when the debtor receives a discharge, because, a mortgage "ride[s] through bankruptcy unaffected and . . . [is] enforceable in accordance with state law." Id. at 69. By choosing to surrender the Property, Plaintiff agreed to give up title to the Property whenever the mortgagee decided to exercise its state law right to foreclose. Based upon this representation, Plaintiff received a discharge of his mortgage debt. See Ex. 4. Allowing Plaintiff to challenge U.S. Bank, as Trustee's right to foreclose now would allow him to ignore his material

representation to the Bankruptcy Court and take advantage of his discharge without accepting the consequences.  Accordingly, this Court should rule that Plaintiff is judicially estopped from challenging the pending foreclosure and dismiss the Complaint.

## IV.   THE MORTGAGE'S PLAIN LANGUAGE DEMONSTRATES THAT PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM.

Beyond the State Court's express finding that Plaintiff "in fact received the notice called for in the Mortgage" and judicial estoppel, Plaintiff fails to state a claim as evidenced by the express terms of the Mortgage.  Plaintiff alleges in a conclusory manner that Defendants did not comply with the terms of the Mortgage because "he never received any default letter, which included the language required by the terms of the mortgage . . . " Compl., ¶ 26.  Not only is this directly at odds with the State Court's findings, it is also not what the Mortgage calls for.  To the contrary, the Mortgage provides that "[a]ny notice to [Plaintiff] in connection with this [Mortgage] shall be deemed to have been given to [Plaintiff] when mailed by first class mail . . ." Ex. 1-A, ¶ 15.  Paragraph 22 calls for the lender to "give notice" to Plaintiff prior to acceleration. Ex. 1-A, ¶ 22.  There is no requirement to provide notice of acceleration in Paragraph 22 or anywhere else in the Mortgage.

Wells Fargo complied with the terms of the Mortgage when it sent the Notice of Right to Cure.  See Ex. 2-1; Ex. 7.  The Mortgage's notice requirements are satisfied upon mailing, not receipt - where notice must be "given," notice is deemed "given" when mailed.  See Ex. 1-A, ¶¶ 15 & 22.  Plaintiff's allegations that he did not receive notice are not sufficient to establish noncompliance with the terms of the Mortgage because that is not the requirement.  He has not and cannot allege that Wells Fargo did not mail notice.  For this reason, a plain reading of the Mortgage shows that Plaintiff's claims fail because they do not demonstrate noncompliance.

CONCLUSION

For the foregoing reasons, U.S. Bank, as Trustee and Wells Fargo respectfully request

that the Court (1) grant their motion, (2) dismiss the Complaint with prejudice, and (3) grant such

other relief as the Court deems just and equitable.

Respectfully submitted,

U.S. BANK N.A. AS TRUSTEE FOR
CITIGROUP MORTGAGE LOAN TRUST
INC. 2006-NC2 ASSET BACKED PASS
THROUGH CERTIFICATES SERIES
2006-NC2 and
WELLS FARGO BANK, N.A.,

By their counsel,


*/s/ David E. Fialkow*
David. E. Fialkow (Bar No. 9318)
david.fialkow@klgates.com
Edward J. Mikolinski (Bar No. 9035)
edward.mikolinski@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Telephone:  +1 617 261 3100
Facsimile:  +1 617 261 3175

Dated:  July 31, 2017


CERTIFICATE OF SERVICE

I, David E. Fialkow certify that the foregoing filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing and
paper copies will be sent to those indicated as non-registered participants on this 31st day of July
2017.


*/s/ David E. Fialkow*
David E. Fialkow