# EXHIBIT C

# John B. Ennis

*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

DSM Servicing Mail Support
10335

JUN 16 2017

#70

**Tel. (401) 943-9230**

**Fax (401) 679-0035**

June 10, 2017
Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines. IA 50306

Client: Troy Lebeau
Property Address:      36 Black Plain Road
North Smithfield, Rhode Island 02806
Loan No.:        8356

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of
Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective
on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and
Consumer Protection Act provisions regarding mortgage loan servicing. Under these
amendments, you must acknowledge receipt of this Notice within five (5) days thereof
(excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses
to this notice within thirty (30) days of receipt thereof (excluding legal public holidays,
Saturdays and Sundays).

The written authority of the clients to my law firm for this Request is attached hereto and
incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following
categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the
borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the
terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in
violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the
consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as
required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as
required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the
consumer, which includes, for example, a late fee for a payment that was not late, a charge you

imposed for a service that was not provided, a default property-management fee for consumers who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumers in this case believes that you have committed error not responding to a Request for Information within thirty business days of receipt. You received this Request for Information on March 23, 2017 and have not responded. This Request for Information requested:**

**An exact reproduction of the life of loan mortgage transactional history for this loan on the system of record used by the servicer from origination of the loan to the date of this letter. For purposes of identification, the life of loan transactional history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transactional history includes in numeric or alpha-numeric codes, please attach a complete list of all such codes and state in plain English a short description for each such code.**

**A copy and reference to the official interpretations of the Consumer Financial Protection Board for this topic of Regulation X is attached:**

Paragraph 38(c)(2)(iv).

1. Report of data fields. A report of the data fields relating to a borrower's mortgage loan account created by the servicer's electronic systems in connection with servicing practices means a report listing the relevant data fields by name, populated with any specific data relating to the borrower's mortgage loan account. Examples of data fields relating to a borrower's mortgage loan account created by the servicer's electronic systems in connection with servicing practices include fields used to identify the terms of the borrower's mortgage loan, fields used to identify the occurrence of

automated or manual collection calls, fields reflecting the evaluation of a borrower for a loss mitigation option, fields used to identify the owner or assignee of a mortgage loan, and any credit reporting history.

http://files.consumerfinance.gov/f/201301_cfpb_final-rule_servicing-respa-interpretations.pdf

**You have not provided the life of the loan transactional history from the system of record which you use and is contained in the servicing file. You only provided a spreadsheet, showing a summary of the account information, which was derived from the life of the loan transactional history.**
**You also committed error by providing only documents from March 26, 2014, which were limited in scope and were not summaries of the life of the loan transactional history.**
**You also committed error by stating in your response dated March 28, 2014 that we've enclosed an account history for this loan, whne you in fact did not provide such a document.**
**You have also committed error by stating:**

**We're unable to provide any further information because your remaining requests are too broad. If we are provided with more specific details about what information is being sought, we'll review your request again.**
**The information requested by the consumer was quite specific and not broad. This type of response is an error.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrowers through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrowers' right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrowers can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.