UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| TROY LEBEAU, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> U.S. BANK N.A. AS TRUSTEE FOR ) <br> CITIGROUP MORTGAGE LOAN ) <br> TRUST INC. 2006-NC2 ASSET ) <br> BACKED PASS THROUGH ) <br> CERTIFICATES SERIES 2006-NC2 and ) <br> WELLS FARGO BANK, N.A., ) <br> ) <br> Defendants. ) <br> ) | C.A. No.  1:17-cv-00329-JJM-PAS |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *FOURTH* MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS AMENDED COMPLAINT**

Now come Defendants U.S. Bank N.A. as Trustee for Citigroup Mortgage Loan Trust Inc. 2006-NC2 Asset Backed Pass Through Certificates Series 2006-NC2 ("U.S. Bank, as Trustee") and Wells Fargo Bank, N.A. ("Wells Fargo" and collectively with U.S. Bank, as Trustee "Defendants"), and submit this opposition to Plaintiff Troy Lebeau's ("Plaintiff") fourth motion for an extension of time (the "Fourth Extension Motion") [DN 20] to respond to Defendants' motion to dismiss the amended complaint (the "Second Motion to Dismiss") [DN 16].  The Court should deny the Fourth Extension Motion because Plaintiff has filed ten extension motions in this case and has already received over six months worth of extra time not including the roughly two months that elapsed between when the Court allowed Plaintiff to file his Amended Complaint and when he served it.  As more fully described below the Court should deny the Fourth Extension Motion.

1. On July 31, 2017, Defendants filed a motion to dismiss (the "Motion to Dismiss") Plaintiff's Complaint [DN 4]. The basis for the motion to dismiss was primarily res judicata because Plaintiff, although represented by different counsel, had filed and lost a prior lawsuit based on many of the same grounds asserted in his Complaint.

2. In response, Plaintiff filed six separate motions to extend the time for him to respond to the Motion to Dismiss [DNs 5-10].

3. The Court allowed each of these motions, extending the time for Plaintiff to respond to the Motion to Dismiss by three months from August 14, 2007 to November 14, 2017.

4. On November 13, 2017, rather than respond to the Motion to Dismiss,[1] Plaintiff filed a motion for leave to file an amended complaint [DN 12] that asserted entirely new causes of action, in an attempt to avoid the res judicata effect of the prior lawsuit.

5. On December 6, 2017 the Court allowed the motion for leave to amend by text order.

6. Despite repeated requests from Defendants' counsel, Plaintiff did not file or serve the Amended Complaint for almost 2 months until January 24, 2018 [DN 15].

7. On February 7, 2018, Defendants filed the Second Motion to Dismiss.

8. Plaintiff's original deadline to respond to this motion was February 21, 2018.

9. Plaintiff sought and Defendants assented to a 30-day extension to respond to the Second Motion to Dismiss [DN 17].

10. Plaintiff filed two more motions to extend his time to respond to the Second Motion to Dismiss [DNs 18 & 19], without seeking Defendants' assent. Both of these motions simply state that "Plaintiff needs additional time to respond."

---

[1] Although Plaintiff sought yet additional time to respond to the Motion to Dismiss, he never filed a response.

11. The Court allowed both motions, resetting Plaintiff's deadline to respond to the Second Motion to Dismiss to May 22, 2018.

12. On May 22, 2018, rather than file his response to the Second Motion to Dismiss, Plaintiff filed the Fourth Motion to Extend, seeking yet a further extension of time to June 5, 2018, simply because "Plaintiff needs additional time to respond," without any further explanation.

13. While Defendants understand that situations will arise that justify parties to a lawsuit seeking and receiving additional time to respond to motions, Plaintiff has filed ten separate motions to extend his time to respond to the Motion to Dismiss and Second Motion to Dismiss, and received an additional six months of time.

14. The Court has granted each of these extensions and Defendants have not opposed any of Plaintiff's requests for additional time regarding the Second Motion to Amend until now.

15. In light of Plaintiff's repeated extension requests, including several that were noted as being the "final" request [DNs 7-10, 19], and his failure to provide any substantive reason to justify a further extension to respond to the Second Motion to Dismiss, Plaintiff has received more than adequate time and should not be allowed to further delay.  This case has been stalled for almost a year through no fault of Defendants.  Defendants simply want their Second Motion to Dismiss fully briefed and argued.

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Fourth Extension Motion and rule on the Second Motion to Dismiss without further delay.

        Respectfully submitted,

        U.S. BANK N.A. AS TRUSTEE FOR
CITIGROUP MORTGAGE LOAN TRUST
INC. 2006-NC2 ASSET BACKED PASS
THROUGH CERTIFICATES SERIES
2006-NC2 and
WELLS FARGO BANK, N.A.,

By their counsel,

*/s/ Edward J. Mikolinski*
David. E. Fialkow (Bar No. 9318)
david.fialkow@klgates.com
Edward J. Mikolinski (Bar No. 9035)
edward.mikolinski@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Telephone:  +1 617 261 3100
Facsimile:  +1 617 261 3175

Dated:  May 23, 2018

**CERTIFICATE OF SERVICE**

    I, Edward J. Mikolinski certify that the foregoing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 23rd day of May 2018.

*/s/ Edward J. Mikolinski*
Edward J. Mikolinski